Jason M. Drangel (JD 7204)
jdrangel@ipcounselors.com
Kerry B. Brownlee (KB 0823)
kbrownlee@ipcounselors.com
EPSTEIN DRANGEL LLP
60 East 42nd Street, Suite 2520
New York, NY 10165
Telephone: (212) 292-5390
Facsimile: (212) 292-5391
*Attorneys for Plaintiff*
*Laserwave Graphics, Inc.*

Michael Botton (MB 1601)
michaelbottonesq@gmail.com
Law Office of Michael Botton, LLC
1314 Main Street
Belmar, NJ 07719-2715
Telephone: 732-894-3686
*Attorneys for Plaintiff*
*Laserwave Graphics, Inc.*

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| LASERWAVE GRAPHICS, INC.<br>*Plaintiff*<br><br>v.<br><br>BEST CASE AND ACCESSORIES, INC.; TARGET CORPORATION D/B/A TARGET STORES; AND WALGREEN CO.<br>*Defendants* | CIVIL ACTION No. 19-cv-4957<br><br>**COMPLAINT**<br><br>**Jury Trial Requested** |

Plaintiff Laserwave Graphics, Inc., a corporation organized under the laws of the State of New Jersey, ("Laserwave" or "Plaintiff"), by and through its undersigned counsel, alleges as follows:

## NATURE OF THE ACTION

1. This action involves claims for copyright infringement of Laserwave's federally registered copyrights in violation of the Copyright Act of 1976, 17 U.S.C. §§ 101 *et seq.* (the "Action"), arising from Defendants' infringement of Plaintiff's Laserwave Works (as defined *infra*), including, without limitation, by manufacturing, importing, exporting, advertising, marketing, promoting, distributing, displaying, offering for sale, and/or selling products in packaging designs and/or containing instruction manuals that are identical to, or at the very least, substantially similar to, Plaintiff's Laserwave Works, as well as breach of contract and breach of the duty of good faith and fair dealing arising from Defendant Best Case and Accessories, Inc.'s ("Best Case") misconduct, as further described herein.

## JURISDICTION AND VENUE

2. This Court has federal subject matter jurisdiction over the claims asserted in this Action pursuant to 28 U.S.C. §§ 1331 and 1338(a), as this Action arises out of violations of the Copyright Act, 17 U.S.C. §§ 101 *et seq.*; and pursuant to 28 U.S.C. § 1332, as there is diversity between the parties and the matter in controversy exceeds, exclusive of interests and costs, the sum of seventy-five thousand dollars. This Court has supplemental jurisdiction pursuant to 28 U.S.C. 1367(a).

3. Personal jurisdiction exists over Best Case in this judicial district pursuant to N.Y.C.P.L.R. § 301 because, upon information and belief, Best Case is incorporated and/or domiciled within the State of New York. Personal jurisdiction exists over Defendant Target Corporation d/b/a Target Stores ("Target") and Defendant Walgreen Co. ("Walgreens") pursuant to N.Y.C.P.L.R. § 302(a)(1), N.Y.C.P.L.R. § 302(a)(2) and/or N.Y.C.P.L.R. § 302(a)(3) because, upon information and belief, Target and Walgreens are both registered to do business in the State

of New York, regularly conduct, transact, and/or solicit business in New York and in this judicial district, operate retail stores in New York and in this judicial district (including, upon information and belief, those carrying products in packaging and/or containing instruction manuals that infringe the Laserwave Works), derive substantial revenue from their business transactions in New York and in this judicial district, and/or otherwise avail themselves of the privileges and protections of the laws of the State of New York such that this Court's assertion of jurisdiction over them does not offend traditional notions of fair play and due process.

4. Venue is proper, *inter alia*, pursuant to 28 U.S.C. § 1391 because, upon information and belief, a substantial part of the events or omissions giving rise to the asserted counts occurred in this judicial district, and harm to Plaintiff has occurred in this district.

## THE PARTIES

5. Laserwave is a company organized in New Jersey, with a principal place of business at 24A Joyce Kilmer Avenue North, New Brunswick, New Jersey 08901.

6. Upon information and belief, Best Case is a corporation organized in New York, having a principal place of business at 140 58th Street, Suite I, Brooklyn, New York 11220.

7. Upon information and belief, Target is a corporation organized in Minnesota, having a principal place of business at 1000 Nicollet Mall, Minneapolis, Minnesota 55403.

8. Upon information and belief, Walgreens is a corporation organized in Illinois, having a principal place of business at 200 Wilmot Road, Deerfield, Illinois 60015.

## GENERAL ALLEGATIONS

### Plaintiff's Business & Laserwave Works

9. Plaintiff is a family-owned graphic design and printing business, started in 1989 by brothers Albert and Dan Hakim, which specializes in photography, design, and print production in

the United States and China, with a particular emphasis on the design of unique packaging, displays and signage, among other things.

10. Over the past three (3) decades, Plaintiff has provided its services to numerous clients in a variety of industries, such as Ecko Unlimited, Astor Chocolates for Ralph Lauren, Gina Group for Steve Madden, among others.

11. Plaintiff owns both registered and unregistered copyrights in and related to its original photographs and designs. Plaintiff has protected its valuable rights by filing for and obtaining U.S. copyright registrations in and relating to its original creative works. For example, Plaintiff is the owner of the following U.S. Copyright Registration Nos.: VA 2-161-293, covering the Lightning Cable 05127 Packaging, and VA 2-162-816, covering the FM Transmitter 20081 Packaging & Instruction Manual (collectively, the "Laserwave Works"). True and correct copies of a registration certificate and a printout of the U.S. Copyright Office's electronic record for the Laserwave Works, along with the corresponding deposit materials for each, are attached hereto as **Exhibit A** and incorporated herein by reference.

<b><u>Storied History Between Plaintiff and Best Case</u></b>

12. Over a decade ago, in or about 1997 or 1998, Plaintiff began doing business with Best Case, which is owned by Albert and Dan Hakim's cousin, Eddie Dana, and is currently in the business of manufacturing cellphone accessories for sale to retailers.

13. Plaintiff and Best Case agreed that Plaintiff would create original packaging designs and instruction manuals for Best Case's cellphone accessories, and arrange for the production of the same, with manufacturers based in China, in exchange for a royalty percentage of 15% of the packaging costs based on the units produced. Best Case would pay the

manufacturers in China, and such manufacturers would then remit the foregoing royalty payment to Plaintiff.

14. After nearly sixteen (16) years of the parties working actively together based on the above agreed terms, on or about 2015, Best Case demanded that the above payment arrangement be modified. Instead of Laserwave getting paid a fifteen percent (15%) royalty from the manufacturer in China, Best Case insisted that it pay Plaintiff directly a royalty of three and one half cents ($0.035) per package ordered from China.

15. It was agreed by the parties that this new royalty rate was to be applied to all packaging designs and instruction manuals then existing or later developed by Plaintiff. It was further agreed that Laserwave would perform work developing and creating original packaging designs and instruction manuals for new product lines, as well as existing product lines, but only receive a royalty from Best Case on the packaging actually produced. Under this new arrangement, Best Case now had the ability to stop making royalty payments to Plaintiff, without disrupting its supply of packaging. However, Plaintiff assumed that, based upon the family history, Best Case would never fail to pay the agreed upon royalty. This trust turned out to be misplaced.

16. The volume of Plaintiff's design work for Best Case for nearly twenty (20) years grew tremendously, with Plaintiff arranging to have an average of one (1) million units per month produced for Best Case's large retail accounts, and Plaintiff receiving royalties thereon.

17. Shortly after Best Case demanded the aforementioned change in Plaintiff's royalty, Best Case also demanded that Plaintiff maintain employees at Best Case's office in Brooklyn, NY where Best Case could gain access to the day-to-day workings of how Plaintiff performed its services. In order to appease Best Case, Plaintiff stationed up to three (3) of its own salaried employees at Best Case's office.

18. Despite the success of Plaintiff's and Best Case's ongoing business relationship, on or about December 19, 2018, Best Case advised Plaintiff that it intended to sever ties, effective February 1, 2019, as it wanted to begin designing its new packaging in-house. At that time, Best Case did not notify Plaintiff that it would cease receiving royalty payments—to which Plaintiff was, and remains, entitled—after February 1, 2019.

19. Shortly after the December 19, 2018 meeting, Best Case approached some of Plaintiff's own employees, which had serviced Best Case, in an attempt to retain them in-house.

20. In the last several years, Best Case intentionally and improperly repositioned its working relationship with Plaintiff so that Best Case could terminate its relationship with Plaintiff without causing an interruption to its own business operations, while still using Plaintiff's intellectual property, including the Laserwave Works, without paying Plaintiff the agreed upon royalty payments.

### Defendants' Wrongful and Infringing Conduct

21. Best Case did in fact sever ties with Plaintiff on or about February 1, 2019; however, it has continued to produce and sell products in packaging designs and/or containing instruction manual designs that are identical to, or substantially similar to designs authored and owned by Laserwave, including, without limitation, the Laserwave Works, to third-party retailers, including Target and Walgreens, without Plaintiff's authorization, and without compensating Plaintiff.

22. In addition, upon information and belief, Target and Walgreens are continuing to advertise, market, promote, distribute, display, offer for sale and/or sell products in packaging designs and/or containing instruction manuals that are identical to, or substantially similar to, Plaintiff's Laserwave Works. Attached hereto as **Exhibit B** is a true and correct screenshot of

6

Walgreens' website, available at www.walgreens.com, as well as a photograph taken at a Target retail location, both of which evidence Walgreens' and Target's continued display of the Laserwave Works.

23. Plaintiff has notified Best Case of Best Case's infringement of Plaintiff's rights, including the Laserwave Works, and its breach of the parties' contract, on numerous occasions. However, despite such notice, Defendants are continuing to use images, designs and/or artwork that are substantially similar to, identical to, and/or constitute infringement of Laserwave Works in connection with the offering for sale and/or sale of Best Case's products.

24. Likewise, Best Case has also failed to remedy its breach(es).

25. Prior to and contemporaneous with its actions alleged herein, Best Case had knowledge of Plaintiff's ownership of its Laserwave Works, and in bad faith adopted Plaintiff's Laserwave Works.

26. Best Case has been engaging in the illegal and infringing actions, as alleged herein, knowingly and intentionally, or with reckless disregard or willful blindness to Plaintiff's rights or in bad faith.

27. In committing these acts, Defendants have, among other things, infringed the Laserwave Works, and Best Case has breached the parties' contract and the covenant of good faith and fair dealing. All Defendants have profited from such activities at Plaintiff's expense.

28. Unless enjoined, Defendants will continue to cause irreparable harm to Plaintiff.

## CAUSE OF ACTION

### FIRST CAUSE OF ACTION
### (Federal Copyright Infringement Against All Defendants)
### [17 U.S.C. § 501(a)]

29. Plaintiff repleads and incorporates by reference each and every allegation set forth

in the preceding paragraphs as if fully set forth herein.

30. Plaintiff is the exclusive owner of the Laserwave Works.

31. Best Case had actual notice of Plaintiff's exclusive rights in and to the Laserwave Works.

32. Defendants did not attempt and therefore inherently failed to obtain Plaintiff's consent or authorization to use, manufacture, reproduce, copy, display, prepare derivative works of, distribute, sell, transfer, rent, perform, and/or market Plaintiff's Laserwave Works.

33. Without permission, Defendants reproduced, copied, and displayed Plaintiff's Laserwave Works by manufacturing, importing, exporting, advertising, marketing, promoting, distributing, displaying, offering for sale, and/or selling products in packaging and/or containing instruction manuals that bear such Laserwave Works, or artwork that is, at a minimum, substantially similar to Plaintiff's Laserwave Works.

34. Defendants' unlawful, and Best Case's willful, actions as alleged herein constitute infringement of Plaintiff's Laserwave Works, including Plaintiff's exclusive rights to reproduce, distribute, and/or sell such Laserwave Works in violation of 17 U.S.C. § 501(a).

35. Defendants' copyright infringement, as alleged herein, has caused substantial and irreparable harm to Plaintiff in an amount as yet unknown but to be proven at trial, for which Plaintiff has no adequate remedy at law, and unless enjoined, Defendants will continue to cause, substantial and irreparable harm to Plaintiff.

36. Based on Defendants' wrongful conduct, Plaintiff is entitled to injunctive relief, Plaintiff's actual damages and Defendants' profits in an amount to be proven at trial for willful copyright infringement, and its reasonable attorneys' fees and costs.

## SECOND CAUSE OF ACTION
### (Breach of Contract Against Best Case)

37. Plaintiff repleads and incorporates by reference each and every allegation set forth in the preceding paragraphs as if fully set forth herein.

38. In or about 1997 or 1998, Best Case contracted with Plaintiff to create original packaging designs and instruction manuals for Best Case's cellphone accessories and arranged for the printing of same in exchange for a payment equal to fifteen percent (15%) of the packaging based on the units produced.

39. Plaintiff did in fact create packaging designs and instruction manuals and arranged for the production of the same in accordance with the terms of the agreement with Best Case.

40. After nearly sixteen (16) years of the parties working actively together based on the above agreed terms, on or about 2015, Best Case demanded that the payment arrangement be modified. Instead of Laserwave getting paid a fifteen percent (15%) royalty from the manufacturer in China, Best Case insisted that it pay Plaintiff directly three and one half cents ($0.035) per package ordered from China.

41. It was agreed by the parties that this new royalty rate was to be applied to all packaging designs and instruction manuals then existing or later developed by Plaintiff.

42. It was further agreed that Laserwave would perform work developing and creating original packaging designs and instruction manuals for new product lines, as well as existing product lines, but only receive a royalty from Best Case on the packaging actually produced.

43. Under this new arrangement, Best Case now had the ability to stop making payments to Plaintiff without disrupting its supply of packaging.

44. Best Case had provided compensation per this new agreement until about February 1, 2019.

45. The parties had a contract and Plaintiff performed adequately pursuant to the terms of the contract.

46. Best Case breached that contract by continuing to sell products in packaging designs and/or containing instruction manual designs that are identical to, or substantially similar to designs authored and owned by Laserwave, including, without limitation, the Laserwave Works, to third-party retailers, without Plaintiff's authorization, and without paying Plaintiff the agreed upon payment of three and one half cents ($0.035) per package ordered from China.

47. Plaintiff has a reasonable expectation of three and one half cents ($0.035) per package ordered from China for all packaging designs and instruction manuals designed by the Plaintiff, as well as the reasonable expectation of the exclusive rights to and in designs authored and owner by Laserwave, including, without limitation, the Laserwave Works.

48. As a result of the aforesaid breach(es), Plaintiff has suffered, and continues to suffer, significant damages.

### THIRD CAUSE OF ACTION
**(Breach of Duty of Good Faith and Fair Dealing Against Best Case)**

49. Plaintiff repleads and incorporates by reference each and every allegation set forth in the preceding paragraphs as if fully set forth herein.

50. In or about 2016, Best Case knowingly changed the royalty payment arrangement so that Plaintiff would not be paid by the manufacturer(s) in China, but instead, directly by Best Case so that Best Case could stop paying Plaintiff, without interrupting its own business operations.

51. Shortly thereafter, Best Case demanded that Plaintiff maintain full-time employees at Best Case's office so that it would have access to Plaintiff's operation.

52. Best Case then terminated its relationship with Plaintiff, while attempting to hire

some of Plaintiff's employees, and has continued to use Plaintiff's intellectual property, including, without limitation, the Laserwave Works, without making royalty payments to Plaintiff.

53. Best Case knowingly and purposefully changed the terms of the contract with Plaintiff, with the intent to eventually terminate its relationship with the Plaintiff, and stop making payments to which Plaintiff is entitled.

54. This is a breach of the duty of good faith and fair dealing in the parties' contract.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays for judgment against Defendants, inclusive and each of them, as follows:

A. For an award of Plaintiff's actual damages and Defendants' profits, pursuant to 17 U.S.C. § 504(b) in an amount to be proven at trial for Best Case's willful and Target and Walgreens' copyright infringement of Plaintiff's Laserwave Works under 17 U.S.C. § 501(a);

B. For an award of Plaintiff's actual damages and Best Case's profits in an amount to be proven at trial for Best Case's breach of contract.

C. For an award of consequential damages resulting from Best Case's breach of contract and breach of the covenant to deal fairly and in good faith in an amount to be proven at trial.

D. For a preliminary and permanent injunction by this Court enjoining and prohibiting Defendants, or their agents, and any employees, agents, servants, officers, representatives, directors, attorneys, successors, affiliates, assigns, and entities owned or controlled by Defendants, and all those in active concert or participation with Defendants, and each of them who receives notice directly or otherwise of such injunction from:

    i. directly or indirectly infringing in any manner any of Plaintiff's copyrights,

       or other rights (whether now in existence or hereafter created) including, without limitation, Plaintiff's Laserwave Works;

   ii. using any of Plaintiff's copyrights or other rights (whether now in existence or hereafter created) including, without limitation, Plaintiff's Laserwave Works, or any other artwork that is substantially similar to Plaintiff's Laserwave Works on or in connection with Defendants' manufacture, importation, exportation, advertisement, marketing, promotion, distribution, display, offering for sale, and/or sale of products;

   iii. engaging in any other act in derogation of Plaintiff's rights;

   iv. effecting assignments or transfers, forming new entities or associations, or utilizing any other device for the purpose of circumventing or otherwise avoiding the prohibitions set forth in any Final Judgment or Order in this action; and

   v. instructing, assisting, aiding or abetting any other person or entity in engaging in or performing any of the activities referred to in subparagraphs (i) through (iv) above; and

E.    For an order of the Court requiring that Best Case recall from any distributors and retailers and deliver up to Plaintiff for destruction any and all packaging, labels, tags, advertising and promotional materials and any other materials in the possession, custody or control of such distributors and retailers that infringe any of Plaintiff's copyrights, or other rights including, without limitation, Plaintiff's Laserwave Works, or bear any artwork that is substantially similar to Plaintiff's Laserwave Works;

F.    For an order of the Court requiring that Defendants deliver up for impounding

and/or destruction to Plaintiff any and all packaging, labels, tags, advertising, and promotional materials and any other materials in the possession, custody or control of Defendants that infringe any of Plaintiff's copyrights or other rights including, without limitation, Plaintiff's Laserwave Works, or bear any artwork that is substantially similar to Plaintiff's Laserwave Works pursuant to 17 U.S.C. § 503;

G.  For an order from the Court requiring that Defendants provide complete accountings for any and all monies, profits, gains and advantages derived by Defendants from their use of the Laserwave Works in connection with Defendants' products as described herein, including prejudgment interest;

H.  For an order from the Court that an asset freeze or constructive trust be imposed over any and all monies, profits, gains and advantages in Defendants' possession, which rightfully belong to Plaintiff;

I.  For Plaintiff's reasonable attorneys' fees;

J.  For all costs of suit; and

K.  For such other and further relief as the Court may deem just and equitable.

## DEMAND FOR JURY TRIAL

Plaintiff respectfully demands a trial by jury on all claims.


Dated: August 29, 2019                     Respectfully submitted,


                                           **EPSTEIN DRANGEL LLP**


                                           BY:   /s/ Kerry B. Brownlee
                                                 Kerry B. Brownlee (KB 0823)
                                                 kbrownlee@ipcounselors.com
                                                 Jason M. Drangel (JD 7204)
                                                 jdrangel@ipcounselors.com

                                              60 East 42nd Street, Suite 2520
New York, NY 10165
Telephone: (212) 292-5390
Facsimile: (212) 292-5391
*Attorneys for Plaintiff*
*Laserwave Graphics, Inc.*

Michael Botton (MB 1601)
michaelbottonesq@gmail.com
Law Office of Michael Botton, LLC
1314 Main Street
Belmar, NJ 07719-2715
Telephone: 732-894-3686
*Attorneys for Plaintiff*
*Laserwave Graphics, Inc.*